50228, 50229 TRUST COMPANY OF GEORGIA v. NATIONWIDE MOVING & STORAGE COMPANY, INC.; and vice versa.

Evans, Judge.

Ben H. Atkinson, the general manager of Nationwide Moving & Storage Co., Inc., deposited certain checks payable to Nationwide in the bank of Trust Company of Georgia. At the time of making the initial deposit he executed a signature card, and represented that he was an official of Nationwide with authority to open the account and to sign checks on said account. The total amount deposited was $8,762.80 and thereafter Atkinson drew checks on the account payable to Atkinson individually to the extent of $8,217.27.

The account had not been authorized by any corporate resolution of Nationwide, and no written authority of any kind by Nationwide to Trust Company had been executed respecting the account. When Nationwide learned of the account, the funds had been almost depleted, and Nationwide withdrew the remaining $528.97, and called on Trust Company for payment of the $8,217.27, which Atkinson had withdrawn on his own checks. Upon failure of payment, Nationwide sued Trust Company for the above sum.

Both plaintiff and defendant moved for summary judgment, and the facts above set forth were undisputed. The trial court denied both motions and both plaintiff and defendant appeal. *Held:*

1.  Trust Company contends that it was authorized to pay out the funds to Atkinson because they had been deposited in the bank by Atkinson and that Code § 13-2042 governs deposits of money by agents, fiduciaries, etc., and authorizes payment to said agent, fiduciary, etc., whether the deposit was made bona fide or mala fide on the part of the agent. But a careful reading of this statute shows that such protection to the bank is extended only when the deposit is made in the name of the agent as an individual, or as such agent. We quote from Code § 13-2042 in pertinent part, as follows: "Whenever any agent, administrator, executor, guardian, trustee, either express or implied, or other fiduciary whether bona fide or mala fide *shall deposit any money in any bank to his credit as an individual, or as such agent, trustee, or other fiduciary,* whether the name of the person or corporation for whom he is acting or purporting to act be given or not, such bank shall be authorized to pay the amount of such deposit or any part thereof, upon the check of such agent, administrator, executor, guardian, trustee, or other fiduciary, signed with the name in which such deposit was entered, without being accountable in any way to the principal, cestui que trust, or other person or corporation who may be entitled to or interested in the amount so deposited. . ." (Emphasis supplied.)

We repeat that no protection is afforded Trust Company under this statute because the transaction does not come within its terms. Here the deposit was made to the credit of *Nationwide Moving & Storage Co., Inc., and not to the credit of Atkinson as an individual or as an agent.*

The reason for the strict language employed in the statute is obvious. If Atkinson was in possession of checks made payable to Nationwide, he could not have successfully presented the checks for payment to the bank without the endorsement of Nationwide, which means endorsement by the general officers of the corporation, or by resolution of the corporation authorizing its employees to endorse its checks. So Atkinson did not present the checks for payment, but deposited them, and then withdrew the checks later upon his own signature. This was the equivalent of presenting the checks of

Nationwide for payment upon his own endorsement in the first instance.

2. The trial court properly overruled the motion for summary judgment of Trust Company, but erroneously denied the motion for summary judgment of Nationwide. This case is reversed with direction that the trial court enter a summary judgment in favor of Nationwide.

*Judgment reversed in Case No. 50229; affirmed in Case No. 50228. Pannell, P. J., Deen, P. J., Quillian and Clark, JJ., concur. Bell, C. J., Stolz, Webb and Marshall, JJ., dissent.*

ARGUED FEBRUARY 11, 1975 — DECIDED APRIL 7, 1975 — REHEARING DENIED MAY 14, 1975 —

*King & Spalding, W. H. Izlar, Jr., William A. Clineburg, Jr.,* for appellant.

*Hendon, Egerton, Harrison & Glean, E. T. Hendon, Jr.,* for appellee.

STOLZ, Judge, dissenting.

The issue presented in these cases calls for an interpretation of Code § 13-2042, which is quoted in the majority opinion. I reach an opposite result from that expressed in the majority opinion and therefore dissent. An examination of the record will show that the signature card upon which the account was opened (R, 18) placed title of the account in Nationwide Moving and Storage Co., Inc., a corporation; that Ben H. Atkinson, General Mgr., opened the account, and that his was the authorized signature. The signature card also shows an initial deposit of $2,500 to the account. After the initial deposit, Atkinson deposited a total of $8,762.80 to Nationwide's account in Trust Company of Georgia. Atkinson's withdrawals from the account amounted to $8,217.27.

The majority opinion makes the statute inapplicable because the deposit was made to the credit of Nationwide Moving and Storage Co., Inc. and not to the credit of Atkinson as an individual or as an agent. It cannot be seriously argued that Atkinson did not open the account as an agent when the signature card shows him *to be the*

*general manager of Nationwide.* Code § 13-2043 does not require the deposit to be bona fide. The bank is protected even if the deposit is mala fide. It matters not whether the deposit is made in the agent's name or the corporation's name, the bank is authorized to pay the amount of the deposit or any part thereof upon the check of the agent (general manager) *signed with the name in which such deposit was entered,* whether the name of the person or corporation for whom he is acting or purporting to act be given or not. Code § 13-2042. In addition to Code § 13-2042, the present case is controlled by *National Factor &c. Corp. v. State Bank of Cochran,* 224 Ga. 535 (163 SE2d 817). A review of the facts in *National Factor,* supra, will reveal a much stronger case against the bank than the case presently before us. The decision of the Supreme Court and the authorities cited therein are adverse to the majority opinion. Succinctly stated, the Supreme Court held that to hold the bank liable there must be evidence "of actual knowledge, or any circumstances such as would raise a presumption that [the depositor] was acting dishonestly by conversion of funds," and there must be "circumstances such as would support *the sole inference that a breach of trust on the part of the bank was intended." National Factor,* supra, pp. 541, 542. (Emphasis supplied.) In *National Factor,* the Supreme Court affirmed the trial court's *grant of summary judgment for the bank* and its *denial of summary judgment for National Factor.* Such should be done in the case at bar, and therefore, I dissent.

I am authorized to state that Chief Judge Bell and Judges Webb and Marshall join in this dissent.